IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3170-FL

| | | |
|---|---|---|
| PHILLIP M. STROUPE, II, Plaintiff, v. BRANDON BULLARD, JAMIE BULLARD, and ROSEMARY BIANCARDI, Defendants. | ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter is before the court on defendants Brandon Bullard, Jamie Bullard, and Rosemary Biancardi's ("Biancardi") motion for summary judgment (DE 32) and to seal records filed in support thereof (DE 35). Plaintiff responded in opposition to the motion for summary judgment and, in this posture, the issues raised are ripe for ruling. For the following reasons, defendants' motions are granted.

**STATEMENT OF THE CASE**

Plaintiff, a state prisoner proceeding pro se, commenced this action by filing complaint asserting claims for violations of his civil rights pursuant 42 U.S.C. § 1983. After reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the court allowed plaintiff to proceed with his claim alleging defendants violated his rights under the Eighth Amendment by denying him access to a handicap cell.

Following a period of discovery, and in accordance with the case management order, defendant filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), and to seal records filed in support thereof. Defendants argue that the undisputed

record evidence shows defendants did not act with deliberate indifference to plaintiff's serious medical needs and that they are entitled to qualified immunity. In support of the motion, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto consisting of sworn testimony by each defendant, excerpts from plaintiff's medical records, and grievances filed by plaintiff.

Plaintiff responded in opposition to defendant's motion, arguing that genuine disputes of material fact preclude summary judgment. In support, plaintiff relies upon his personal declaration and excerpts from his medical records.

**STATEMENT OF FACTS**

Plaintiff is an inmate in the custody of the North Carolina Department of corrections at Tabor Correctional Institution ("Tabor"). (Def's SMF (DE 36) ¶¶ 1-2). Defendants are current and former employees of Tabor. (Id. ¶ 1). Defendant Jamie Bullard is the warden of Tabor, while defendant Brandon Bullard is a correctional sergeant. (Id. ¶¶ 8-9). Defendant Biancardi was a screening officer for inmate grievances. (Id. ¶ 10).

Plaintiff was born with "spinal bifida and spinal stenosis." (Stroupe Decl. (DE 38-3) ¶ 6). These conditions made it difficult for plaintiff to walk or use his right arm. (Id. ¶ 7). Due to these health issues, plaintiff visited David White, a physician at Tabor, who "put in the record that [plaintiff] needed a wheelchair and handicap accommodations." (Id. ¶ 7). Tabor granted plaintiff a wheelchair accommodation May 26, 2022, along with a chair for use in the shower and a cushion for his wheelchair. (DE 34 at 5). Plaintiff also received a bottom bunk cell accommodation. (Id.).

Due to a substance possession offense, plaintiff was placed in restrictive housing May 2, 2022. (DE 33-1 at 16). On May 31, 2022, plaintiff fell and injured his head in his cell. (Id. at 17). Plaintiff asserts his cell was not properly wheelchair accessible or handicap accommodating as he was entitled to. (Pl's Res. SMF (DE 38) ¶¶ 5, 7).

Prior to this incident, plaintiff filed a "DC 410" grievance requesting a handicap cell. (DE 33-1 at 12-13). In response, Tabor staff stated medical accommodations must be directed at a medical provider. (Id. at 15). Accommodations request must be made on a "DC-746" form, which are referred to a disability case manager or social worker. (Brandon Bullard Decl. (DE 33-2) ¶ 5).

Plaintiff then filed another DC-410 grievance July 19, 2022, again requesting a handicap cell. (DE 33-1 at 19-20). Tabor staff responded August 5, 2022, asserting that plaintiff's medical records do not show a handicap cell accommodation. (Id. at 21). On August 16, 2022, a grievance examiner issued a finding that "there is no prior evidence supporting your request of being housed in a handicap cell or any staff misconduct . . . [i]f you feel you need better housing/medical accommodations you need to be submit a sick call and be seen by Medical." (DE 33-1 at 26). Plaintiff eventually received a handicap cell accommodation. (DE 34 at 4).

## COURT'S DISCUSSION

A. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[1]

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant' s] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

Plaintiff alleges defendants were deliberately indifferent towards his serious medical needs by failing to give him a handicap cell, which resulted in his injuries May 31, 2022. Under the Eighth Amendment, prison officials' "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The inmate must demonstrate both a serious medical need, and that prison officials were deliberately indifferent to that need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The first prong is objective – the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241.

The deliberate indifference standard requires "that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must demonstrate the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178. In addition, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must [show] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

As to defendant Biancardi, she screened inmate grievances and transferred grievances to the "Unit Response personnel." (Biancardi Decl. (DE 33-4) ¶ 3). She also informed inmates

"whether their grievance was accepted or rejected[;]" however, defendant Biancardi was not involved in inmates' medical care or cell assignments. (Id. ¶¶ 3-4).

Accordingly, no evidence in the record shows defendant Biancardi acted other than to process plaintiff's grievances, and, even assuming any constitutional violation occurred, that defendant Biancardi acted personally in violating plaintiff's rights. See Iqbal, 556 U.S. at 663. Indeed, plaintiff concedes this and asks to "please grant summary judgment for defendant Biancardi and dismiss her from the case." (Pl's Res. SMF (DE 38) ¶ 10).

Turning to defendant Brandon Bullard, he provided sworn testimony that he "was not responsible for Plaintiff's cell assignments nor was I personally involved in Plaintiff's medical care[,]" and no evidence in the record contradicts this assertion. (Brandon Bullard Decl. (DE 33-2) ¶ 4). After plaintiff verbally requested a handicap cell, defendant Brandon Bullard consulted Tabor medical staff, who stated plaintiff did not have a handicap cell accommodation. (Id. ¶ 9; DE 34 at 5). After this, "plaintiff was very upset he was not assigned a handicap cell[.]" (Brandon Bullard Decl. (DE 33-2) ¶ 10).

Plaintiff has not produced evidence sufficient to create a triable issue on whether defendant Brandon Bullard acted with deliberate indifference. The record shows, after plaintiff complained to defendant Brandon Bullard, he consulted medical staff, who stated plaintiff's records did not reflect any handicap cell accommodation, and no facts in the record suggest that defendant Brandon Bullard knew of "or disregard[ed] an excessive risk to inmate health or safety" by failing to further question plaintiff's accommodations. Jackson, 775 F.3d at 178; cf. LaFaut v. Smith, 834 F.2d 389, 394 (4th Cir. 1987) (finding an Eighth Amendment violation when the defendant "was fully advised both of the inhumane conditions of [a handicap inmate's] confinement and the failure to provide him with needed therapy").

It is undisputed that medical staff evaluates and approves handicap accommodations, (Brandon Bullard Decl. (DE 33-2) ¶ 6), and that defendant Brandon Bullard has no role in such matters. See, e.g., Iko, 535 F.3d at 242 ("If a prisoner is under the care of medical experts . . . a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands . . . Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor."); Rice v. Adams, 172 F.4th 428, 433 (4th Cir. 2026) ("[W]hen a detainee is under the care of medical experts, detention officers will generally be justified in believing that the [detainee] is in capable hands."). Accordingly, where defendant Brandon Bullard consulted plaintiff's medical staff about plaintiff's accommodations after plaintiff's verbal complaint, there is no evidence that defendant Brandon Bullard "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Jackson, 775 F.3d at 178.

Plaintiff states he did in fact have a handicap cell accommodation at the time of the incident. But even accepting this fact as true and assuming plaintiff's accommodation records were in error, the record still shows plaintiff's accommodations document did not show a handicap cell accommodation and that defendant Brandon Bullard consulted medical staff regarding plaintiff's accommodation records. (See DE 34 at 5). Therefore, no evidence in the record suggests that defendant Brandon Bullard himself "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Jackson, 775 F.3d at 178.

Plaintiff also asserts his cell at the time of his injury was not wheelchair accessible as defendants allege. (Pl's Res. SMF (DE 38) ¶ 7). Accepting this fact as true, it remains undisputed that defendant Brandon Bullard had no control of plaintiff's cell assignment or accommodations. (Brandon Bullard Decl. (DE 33-2) ¶ 4). Therefore, even assuming that assignment to a non-

wheelchair accessible cell was a constitutional violation, no evidence shows defendant Brandon Bullard "through [his] own individual actions" violated plaintiff's rights. Iqbal, 556 U.S. at 676.

In sum, defendant Brandon Bullard did not violate plaintiff's constitutional rights under the Eighth Amendment.

Lastly, turning to defendant Jamie Bullard, he provided sworn testimony that he has no role in cell assignments, medical care, or accommodations, and that he does not recall speaking to plaintiff or about plaintiff's accommodations. (Jamie Bullard Decl. (DE 33-3) ¶¶ 4-5). No evidence in the record contradicts this testimony. Accordingly, without any evidence that defendant Jamie Bullard knew of plaintiff's health and accommodations issues, there is no evidence that defendant Jamie Bullard "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Jackson, 775 F.3d at 178; see Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) ("[T]here is no evidence, either direct or circumstantial, to suggest that [the warden] had any knowledge that [the prisoner plaintiff] was deprived of his wheelchair; accordingly, there is no evidence that they knew of and deliberately ignored [the plaintiff's] medical need which could support a finding of deliberate indifference.").

Liberally construing plaintiff's pro se allegations, plaintiff also produces no evidence supporting a claim of supervisor liability against defendant Jamie Bullard, the warden of Tabor. "Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Where there is again no evidence that defendant Jamie Bullard knew of plaintiff's medical condition or

accommodation issues, he did not "deliberately interfere[] with the prison doctors' performance, or . . . tacitly authorize[] or [act with indifference] to the prison physicians' constitutional violations." Miltier, 896 F.2d at 854.

In sum, after adopting plaintiff's version of the facts and drawing all inferences in his favor, no reasonable jury could find defendants violated plaintiff's rights under the Eighth Amendment.

B. Motion to Seal

Defendants move to seal filings in support of their motion for summary judgment that contain plaintiff's personal medical information. (DE 35). Plaintiff did not object to sealing these records. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filings. Plaintiff's interest in preserving the confidentiality of his private health conditions outweighs any public interest in disclosure. Thus, the court grants the motion to seal.

## CONCLUSION

Based on the foregoing, defendants' motions for summary judgment (DE 32) and to seal (DE 35) are GRANTED. The clerk is DIRECTED to maintain docket entry 34 under seal, and to close this case.

SO ORDERED, this the 29th day of September, 2026.

Louise W. Flanagan

LOUISE W. FLANAGAN
United States District Judge